UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEITH CLEVELAND,

    Plaintiff,

    v.                                                CAUSE NO. 3:20-CV-9-JD-MGG

DOC, et al.,

    Defendants.

## OPINION AND ORDER

Keith Cleveland, a prisoner without a lawyer, filed a complaint alleging that he was retaliated against for suing Sgt. Gordon-Ball by having his cell shook down on December 3, 2019, at the Indiana State Prison and having a false disciplinary charge brought against him. He has sued five defendants: D.O.C., Warden Ron Neal, Deputy Warden Buss, Sgt. Gordon-Ball, and Officer Hufford. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

On December 3, 2019, Sgt. Gordon-Ball shook down six of the thirty-three cells on Cleveland's range. Cleveland asked why she was the one searching his cell, and she indicated that she was sent by "a higher up." ECF 1 at 2. Cleveland believes this is a

reference to Warden Neal and Deputy Warden Buss. Sgt. Gordon-Ball entered Cleveland's cell with a dog, even though he asked her not to bring the dog in his cell and told her that he is allergic to dogs. The shake-down concluded without any contraband being found. However, two weeks later, Cleveland was charged with possessing a brown leafy substance that was allegedly found by the dog. He was found guilty and sanctioned with a loss of credit time and privileges.

Cleveland believes the false charge was brought against him in retaliation for filing a lawsuit against Sgt. Gordon-Ball. Cleveland lost earned credit time as a result of the charge. Because a finding that the conduct report was fraudulent in this case would undermine the prison disciplinary finding that he was guilty, he cannot proceed on this claim until after the prison disciplinary proceeding is overturned or set aside. *See Edwards v. Balisok*, 520 U.S. 641, 643 (1997).

For these reasons, the court DISMISSES this case without prejudice to Keith Cleveland's right to refile if his disciplinary sanction is overturned or set aside.

SO ORDERED on March 30, 2020

                                                 /s/JON E. DEGUILIO
                                               JUDGE
                                               UNITED STATES DISTRICT COURT